IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**JACQUELINE C. KING,**

    **Plaintiff,**

**vs.**                                                                            **No.: 2:18-cv-2616-TLP-cgc**

**JUDY K. WEEKS**

    **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the instant case. This matter was initiated in this court by the Defendant, Judy K. Weeks, on September 6, 2018 by removal of a forcible entry and detainer action from the Shelby County Court of General Sessions. (Docket Entry (D.E.) # 1) On September 11, 2018, Defendant filed an addendum to the notice of removal. (D.E. # 7) Plaintiff filed her motion to remand the case to state court on September 14, 2018. (D.E. # 9) Defendant filed a response to the motion (D.E. # 10) and a notice of filing cross complaint. (D.E. # 11)

    **A.**     **Proposed Facts**

The detainer warrant (D.E. # 1-1) filed with the Shelby County Court of General Sessions describes a complaint made to the General Sessions Clerk by the plaintiff, Jacqueline C. King alleging unlawful detainer by Defendant and seeking an award of possession and $4,000.00 and

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

accrued rent, damages and attorney fees.  The notice of removal filed by Defendant provides no factual or legal basis for seeking removal of the case to Federal Court.

  **B.**  **Analysis and Proposed Conclusions of Law**

  Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., *Insurance Corp. of Ireland, Ltd*., 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd*., 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

  Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies.  Federal courts must determine that they have jurisdiction before proceeding to the merits of a case. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).  Federal district courts have original jurisdiction over civil actions including those arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 28 U.S.C. § 1332.  Removal of a state court action under 28 U.S.C. § 1441 is proper only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).  When removing an action to federal court, the burden falls on the party removing the action to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true such that

removal was proper. See, e. g., *Her Majesty the Queen v. Detroit*, 874 F.2d 332, 229 (6th Cir.1989); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993).

Forcible entry and detainer actions are based solely upon state law, Tenn. Code Ann. §29-18-101 *et seq.*, and do not involve federal questions or a federal cause of action. Federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) citing, *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 758 (6th Cir. 2000). A state law claim cannot be recharacterized as a federal claim for purposes of removal. *Loftis* at 515. The detainer warrant supports no grounds for removal based on a federal question.

With regard to diversity jurisdiction, the amount at issue does not meet the threshold for diversity jurisdiction. Further, because Defendant is a citizen of Tennessee removal based on diversity is inappropriate. *See* 28 U.S.C. § 1441(b) (2000) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Therefore, it is RECOMMENDED that the District Court remand the detainer action to the Shelby County General Sessions Court due to the lack of subject matter jurisdiction[2].

**DATED** this 31st day of October, 2018.

                                                s/Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] It is further RECOMMENDED that the Motion to Remand be denied as MOOT.

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**